E-FILED
Monday, 06 January, 2025  03:53:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LESEAN JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-3260 |
| | ) | |
| JENKINS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendants Jenkins and Mitchell provided him with the wrong medications between March 21-25, 2023, during his incarceration at Western Illinois Correctional Center, resulting in side effects that included "seizures, twitching of the body, ingrown tittees, and blindness in my left eye."

Plaintiff alleges that on March 18, 2023, Defendant Meyer squeezed his buttocks during a one-on-one interview. He also alleges that Defendant Little "intentionally placed her hand against my pants and grabbed my penis" during a mental health class conducted on March 29, 2023. Plaintiff alleges that Defendants Swin and Bradley failed to provide prescribed medications between April 2-3, 2023, causing pain and difficulty urinating.

Plaintiff alleges that he was incarcerated at Stateville Correctional Center on June 18, 2024, when Defendant Craig accused him of flashing her earlier in the day before kneeing him in the testicles and pushing him onto the floor, and that between June 21-24, 2024, Defendant Clark denied him lunch trays because of this incident.

Plaintiff alleges that, during his incarceration at Menard Correctional Center in November 2024, Defendant Ronnie refused to provide his medication for two days. Plaintiff alleges that Defendant Nikki gave him the wrong medication, that Defendant Smith slammed his hand against the door for no reason and caused a finger injury, and that Defendant Sherretta punched him in the stomach while she was passing out medication.

The Seventh Circuit has recommended that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits of a plaintiff's claims. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Prison officials may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the litigation presents "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). District courts have "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A court "may deny joinder under [Fed. R.

Civ. P. 20] if the addition of the party…will not foster the objectives of the rule, but will result in prejudice, expense, or delay." Id. (quotations omitted).

Stateville and Menard Correctional Centers are situated in the Northern and Southern Districts of Illinois, respectively. The alleged constitutional violations arising out of Plaintiff's incarcerations at these facilities involve different prison officials and events separate from those arising in this district at Western Illinois Correctional Center. If Plaintiff intends to pursue these claims, he must do so in separate lawsuits in the appropriate district.

Plaintiff's allegations that one set of prison officials distributed the wrong medications at Western Illinois Correctional Center while another set of officials at the same facility grabbed his buttocks and penis on another occasion do not appear to have arisen out of the same transaction, occurrence, or series of transactions or occurrences, nor do they present a common question of law. The Court finds that joinder of the claims and defendants in this lawsuit is not appropriate.

Because Plaintiff's claims and defendants are improperly joined in a single lawsuit, Plaintiff's complaint is dismissed with leave to amend to provide Plaintiff with an opportunity to inform the Court regarding the claims arising at Western Correctional Center he intends to pursue in light of the Court's finding above. *Dorsey*, 55 F.4th at 1107 ("We suggest a district court faced with misjoined claims begin…by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order**

**to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case with prejudice. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motion for Status [6] is DENIED as moot.**

Entered this 6th day of January, 2025.

*s/Sara Darrow*

SARA DARROW
CHIEF U.S. DISTRICT JUDGE